IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NUMBER 1:06MS00563 |
| v. | JUDGE: Rosemary M. Collyer |
| ANTWUAN BALL, et al., | DECK TYPE: Miscellanous |
| | DATE STAMP: 12/28/2006 |

### PLAINTIFF'S MOTION TO QUASH SUBPOENA DUCES TECUM

Anne M. Magruder, Esq., a nonparty to the above-referenced matter, hereby moves this Court to quash the Subpoena Duces Tecum issued by James Beane, Esq. in the above-captioned matter. In support of its Motion, Plaintiff relies upon the following:

1. Fed. R. Crim. P. 17(c)(2);

2. Fed. R. Crim. P. 47; and

3. Statement of Points and Authorities in Support of Motion to Quash Subpoena Duces Tecum.

Respectfully submitted,

MAGRUDER & ASSOCIATES, P.C.

BY: _____
Anne M. Magruder              #265041
Michael J. Carmody            #455703
1889 Preston White Drive, Suite 200
Reston, VA 20191
(703) 766-4400

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to Quash Subpoena Duces Tecum, Statement of Points and Authorities in Support of Motion to Quash Subpoena Duces Tecum and proposed Order was mailed, first-class, postage prepaid, this 28 day of December 2006 to James Beane, Esq., 2715 M Street, NW, Suite 200, Washington, DC 20001 (Counsel for Defendant Gregory Bell), with a copy to Glenn Leon, Assistant U.S. Attorney, United States Attorney's Office, 555 Fourth Street, N.W., Room 4112, Washington, DC 20530.

Anne M. Magruder
Michael J. Carmody

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) </br> ) </br> ) |
| v. | ) Case No.: CR 05-100 (03) </br> ) |
| ANTWUAN BALL, et al., | ) </br> ) </br> ) |

## STATEMENT OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO QUASH SUBPOENA DUCES TECUM

Anne M. Magruder, Esq. ("Movant," who is a non-party to this case and who was improperly named in the subpoena as "Anne McGruder, Esq."), has moved the court to quash the Subpoena Duces Tecum in a Criminal Case issued to "Anne McGruder, Esq." by counsel for Defendant Gregory Bell dated December 14, 2006 ("Subpoena"), pursuant to Federal Criminal Procedure Rule 17(c)(2), as (1) the Subpoena was improperly served, and (2) the Subpoena failed to properly identify the person authorized to produce the requested records.

### BRIEF BACKGROUND

Edgewood Management Corporation ("Landlord") is the managing agent for Congress Park Apartments ("Congress Park"), an apartment complex located in Southeast D.C. Movant is an attorney who represents Edgewood Management Corporation with respect to limited matters. James Beane, Esq. ("Beane"), attorney for Defendant Gregory Bell, issued the above-referenced Subpoena, dated December 14, 2006, which was addressed as follows:

To:    Anne McGruder, Esq.
McGruder & Associates
1889 Preston White Drive, Ste 200
Reston, VA. 20191

A copy of the Subpoena is attached hereto as Exhibit 1 and incorporated by reference herein. An investigator employed by Beane hand-delivered the Subpoena to DeCola Jones, an employee of Landlord at Congress Park in the District of Columbia. The Subpoena referenced an "attached list of documents," which was not included at the time of the delivery of the Subpoena to Ms. Jones. The Subpoena also provided contact information for one "Joseph H. Aronstamn, Investigator" ("Aronstamn"), explained that "[p]roduction of these records releases the named party from appearing in court," and detailed that the records should be turned over to Aronstamn. The missing list of documents was later emailed to Movant after several telephone calls to Beane and Aronstamn, during which Movant explained the many deficiencies of the Subpoena and stated that she would not be able to respond to the Subpoena but would instead move to quash the Subpoena. A copy of the list of documents is attached hereto as Exhibit 2 and incorporated by reference herein. To date, Beane and Aronstamn have not attempted to revise or modify the Subpoena, nor have they attempted to cure the Subpoena's deficiencies.

ARGUMENT

1.    <u>The Subpoena Should Be Quashed For Improper Service.</u>

Rule 17 of the Federal Rules of Criminal Procedure, regarding the method for service of a subpoena in a criminal case, provides that:

> **(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

Fed. R. Crim. P. 17(d). In the present case, a copy of the Subpoena has not been delivered to Movant, nor were any witness-attendance fees tendered to Movant. Instead, the Subpoena was only delivered to Landlord's (not Movant's) employee at Congress Park, an employee who is not authorized to accept service on behalf of Landlord or Movant.

If Landlord is the entity to whom Beane intended to direct the Subpoena, then because Landlord is a corporation, the federal rules require service of process on the defendant to conform to the relevant state and federal statutes authorizing service of process on a corporation. Thus, the service of the Subpoena is proper if it was effected in accordance with either Federal Rule of Civil Procedure 4(h), the service of process statutes of the District of Columbia. *See* Fed. R. Civ. P. 4(h). The District of Columbia authorizes service by delivery of "a copy of the summons, complaint and initial order to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service." D.C. R. Civ. P. 4(e)(1)(West 2001). Landlord maintains a registered agent in the District of Columbia for service of process.

Alternatively, if Beane did intend to direct service to Movant, despite the fact that Movant <u>is not</u> a custodian of books and records for Landlord and has not been

authorized to accept service of this Subpoena on behalf of Landlord, then Beane should have caused the Subpoena to be served on Movant in Virginia pursuant to the applicable service of process rules, rather than on an employee of Landlord.  Either way, because the Subpoena was not properly delivered to the corporation's authorized agent for service or to Movant, and because the Subpoena was not delivered to the named witness along with witness and mileage fees under to Fed. R. Cr. P. 17(d), the Subpoena should be quashed for improper service.

2. <u>The Subpoena Should Be Quashed For Its Failure To Properly Identify The Person Authorized to Produce the Requested Records.</u>

Even if the Subpoena in this matter had been properly delivered to the party named within the Subpoena, the Subpoena should still be quashed for its failure to properly identify the witness it attempts to command to appear.  The Subpoena is addressed to one "Anne McGruder, Esq." at "McGruder & Associates," located at 1889 Preston White Drive, Ste 200, Reston, VA. 20191.

There is no person named "Anne McGruder" at this address, nor is there any organization by the name of "McGruder & Associates."  Landlord's employee assumed that the issuing party had attempted to direct the Subpoena to Landlord's counsel, Anne M. Magruder, Esq., at Magruder & Associates, P.C., and thus Landlord's employee eventually forwarded the Subpoena such that it arrived in the hands of Anne M. Magruder; however, the Subpoena, addressed in its current state, cannot stand.  Federal Rule of Criminal Procedure 17 requires that the Subpoena command the witness to attend and testify.  The Subpoena does not command any known person to

attend and testify; Movant does not know of any individual named "Anne McGruder," nor does she know of any organization named "McGruder & Associates."

Furthermore, the Subpoena does not properly identify any person who is the custodian of books and records for Landlord. The Subpoena's list of requested documents includes a request for information about certain tenants and apartments at Congress Park; however, the Subpoena has failed to identify any person who is authorized to produce such records as custodian of books and records for Landlord. Anne McGruder is, first of all, not a known person, and secondly, is not custodian of books and records for Landlord and would have no power or authority to turn over any of the requested records, since they are not in her possession, custody or control. In order to obtain any information from Landlord's books and records, the Subpoena must command an individual authorized to review and maintain such records, typically, the custodian of books and records for Landlord. The Subpoena does not identify or command as a witness any such authorized individual.

Thus, the Subpoena should be quashed because it fails to properly identify a known person who is authorized to produce the records requested in the Subpoena.

## CONCLUSION

The Subpoena cannot stand in its current state—it does not list a known person as witness, it requests records from a person who is not authorized to maintain such records, and it was not properly served. Thus, the Movant requests that the Court quash the Subpoena Duces Tecum in this matter in its entirety.

Respectfully submitted,

MAGRUDER & ASSOCIATES, P.C.

BY: _____
Anne M. Magruder          #265041
Michael J. Carmody        #455703
1889 Preston White Dr., Ste 200
Reston, VA 20191
(703) 766-4400

E49991.020

# United States District Court

_____ DISTRICT OF _____

IN FORMA PAUPERIS                                    DUCES TECUM

| UNITED STATES OF AMERICA | SUBPOENA IN A CRIMINAL CASE |
|---|---|
| V. | |
| ANTWUAN BALL, et al. | CASE NUMBER: CR 05-100 (03) |

**TO:** Anne McGruder, Esq.
McGruder & Associates
1889 Preston White Drive, Ste 200
Reston, VA. 20191    (703) 766-4400

☒ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| The United States District Court for the District of Columbia 333 Constitution Avenue, N.W. Washington, D.C. 20001 | Judge Roberts #22-A |
| | **DATE AND TIME** |
| | December 29, 2006 at 9:00 AM |

☒ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or objects(s):

**PLEASE SEE ATTACHED LIST OF REQUESTED DOCUMENTS**

\* PRODUCTION OF THESE RECORDS RELEASES THE NAMED PARTY FROM APPEARING IN COURT—Records may be turned over to Joseph H. Aronstamn, Investigator (202) 368-3766

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| NANCY MAYER-WHITTINGTON (By) Deputy Clerk | 12/14/06 |

**ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:**

James Beane, Esq. 2715 M Street, NW, Ste 200, WDC 20001 (202) 333-5905



EXHIBIT
Case No 05-100 (03)
1

<u>LIST OF REQUESTED DOCUMENTS</u>
AN ATTACHMENT TO FEDERAL SUBPOENA
CASE NUMBER: CR 05-100 (03)
Served by Joseph H. Aronstamn, Private Investigator
To
Anne McGruder, Esq
Subpoena dated 12/14/06

As stated in the federal subpoena, "You are commanded to bring with you the following documents(s) or objects(s):"

1. **Information for the following people and/or apartments, including but not limited to:**
   1.1. **Dates of Birth**
   1.2. **Social Security Numbers**
   1.3. **Emergency contact** information
   1.4. **Forwarding addresses and phone numbers**
   1.5. **All information on employment,** including but not limited to, name, address and telephone number of employer and dates of employment.
   1.6. **All information on relatives,** including but not limited to, names, addresses and telephone numbers, dates of birth, social security numbers, spouses.
   1.7. **All notes, reports, memorandum and other documents detailing rental violations, disputes, complaints, law enforcement interactions, lawsuits, allegations, and untruthfulness**

2. **RENE CUNNINGHAM**
   2.1. Resided at 1331 13th Pl, SE #202 in 1991/1992.
   2.2. Moved from Congress Park in 1998/1999
   2.3. Who resides there now?

3. **1303 CONGRESS ST, UNIT #30, SE WDC**
   3.1. For the time period of June 2000
   3.2. Also provide copy of LEASE and RENTAL AGREEMENT for June 2000
   3.3. Who resides there now?

4. **GALE/GAIL PARSONS**
   4.1. May have resided at 3401 13th Pl, SE Unit #103
   4.2. Who resides there now?

5. **1327 CONGRESS ST, SE**
   5.1. First apartment to the right
   5.2. For the time period November 16, 2000
   5.3. Also provide copy of LEASE and RENTAL AGREEMENT for November 16, 2000
   5.4. Who resides there now?

6. **3401 13TH PL, SE UNIT #103**
   6.1. For the time period July 27, 2000
   6.2. Also provide copy of LEASE and RENTAL AGREEMENT for July 27, 2000
   6.3. Who resides there now?

7. **CHARLOTTE O'BRIEN**
   7.1. Moved out on 4/15/2004
   7.2. May have resided at 1326 Congress St, SE #4 or #6
   7.3. Who resides there now?


EXHIBIT
Case No CR 05-100(03)
2

AN ATTACHMENT TO FEDERAL SUBPOENA; CASE NUMBER: CR 05-100 (03)
Page 2 of 2

8. **1330 CONGRESS ST, SE, UNIT #5**
   8.1. For the time period April 4, 2004
   8.2. Also provide copy of LEASE and RENTAL AGREEMENT for the time period 4/4/04
   8.3. Who resides there now?

9. **3406 13TH PL, SE**
   9.1. For the time period October 4, 2004
   9.2. Basement level on the left hand side
   9.3. Also provide copy of LEASE and RENTAL AGREEMENT for the time period 10/04/04
   9.4. Who resides there now?

10. **MARY MCCLENDON**

11. **3408 13TH PL, SE UNIT #204**
    11.1 For the time period October 4, 2004
    11.2 Also provide copy of LEASE and RENTAL AGREEMENT for period 10/04/04
    11.3 Who resides there now?

12. **1333 SAVANNAH ST, SE #8**
    12.1 Who lives there now?
    12.2 Provide all current information

13. **BELINDA OWENS OR BELINDA POWELL**

14. **MAURICE DANIELS**
    14.1 May reside/resided at either 123 Upsal St, SE WDC 20032 or 1364 Congress St, SE #3
    14.2 Who resides at each of these units now?

15. **EDGEWOOD MANAGEMENT EMPLOYEE W/FIRST NAME "PETE"**
    15.1 This employee's first name was/is Pete
    15.2 He worked there approximately 200-2004
    15.3 Supervisor for Gregory Bell